UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                           Case No.

$22,900.00 IN U.S. CURRENCY

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America, by and through the undersigned Assistant United States Attorney, brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1. This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $22,900.00 in U.S. Currency (Defendant Funds) as moneys furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys intended to be used to facilitate a federal controlled substance offense.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

   a. 28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in the Middle District of Florida; and

   b. 28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4. Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5. The Defendant Funds consist of $22,900.00 in United States currency that was seized on September 17, 2013, at the Tampa International Airport from carry-on luggage in the possession of Julio Rodriguez Chavez (Rodriguez) and from Rodriguez's pocket. The United States Department of Homeland Security, Homeland Security Investigations (HSI) took custody of the Defendant Funds, and they remain in the custody of the United States.

6. As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.[1]

---

[1] In this regard, however, Supp'l Rule G is inconsistent with the current Middle District of Florida Local Admiralty Rule 7.03(b)(1), which requires a

## BASIS FOR FORFEITURE

7. The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. Specific details of the facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by Special Agent Mickey R. Miller who states as follows.

9. At all times relevant, Mickey R. Miller has been employed as a Special Agent with the United States Department of Homeland Security, U.S. Immigration and Customs Enforcement, Homeland Security Investigations. During his tenure with Homeland Security, Agent Miller has conducted and assisted with local and nationwide investigations related to narcotics smuggling. Prior to becoming a Special Agent, Agent Miller worked as a U.S. Customs and Border Protection Officer at Dulles International Airport in Dulles, VA.

---

judicial officer to first review the verified complaint, and any other case papers, prior to the Clerk issuing the warrant of arrest and/or summons *in rem*.

10. On or about April 19, 2013, Rodriguez sold approximately one pound of marijuana to an undercover detective with the Napa Special Investigations Bureau for $1500.00. The transaction took place in Napa County, California. During the transaction, Rodriguez had a second one pound bag of marijuana which he allowed the undercover detective to inspect. The two also discussed possibly conducting a larger transaction in the future.

11. Officers did not arrest Rodriguez on April 19, 2013, and instead, continued their investigation.

12. On or about April 26, 2013, officers obtained a search warrant for the residence located at 1018 Buchanan Street, Fairfield, California. Later that day, officers searched the residence and found over 300 marijuana plants growing in the garage, laundry room, and backyard or the residence. Officers also found approximately three pounds of packaged marijuana, U.S. currency, and documents tying Rodriquez to the residence.

13. Rodriguez was arrested on or about July 11, 2013, and was later released on a $200,000 bond.

14. On September 17, 2013, Tampa International Airport Police Department officers contacted Homeland Security Investigations and informed them that earlier that day, passenger Julio Rodriguez Chavez, who was wearing an ankle monitor and attempting to fly to Sacramento, California, was carrying a large sum of cash in his carry-on bag. Rodriguez was booked on a Southwest flight from Tampa, Florida to Phoenix, Arizona, and from Phoenix, Arizona to

Sacramento, California. During their screening of Rodriguez, Transportation Security Administration officers located the cash and contacted the Airport Police Department.

15. Rodriguez gave consent to the airport police officers to search his bag. The officers found four stacks of U.S. Currency in the bag, each stack held together by rubber bands. Rodriguez told the officers that he had other money as well, and produced another stack of currency from his front pocket which was also held together by a rubber band.

16. The total amount of currency seized from Rodriguez totaled $22,900.

17. Homeland Security Investigations requested the assistance of a Tampa Police Department officer and his narcotics detection dog. The dog alerted to the presence of narcotic odor on the currency found on Rodriguez and the currency found in his luggage. A positive alert to U.S. currency by a properly trained narcotics detection dog indicates that the currency had recently been in close or actual proximity to a significant amount of a controlled substance.

18. Rodriguez told agents that he drove to Tampa from Fairfield, California to visit a friend, but decided to fly back because his vehicle, a 2007 Cadillac, was having problems and it was cheaper for him to ship it, and fix it in California, than fix it in Tampa (Rodriguez did have receipts showing that the vehicle was being shipped back to California).

19. Homeland Security Investigations agents seized the currency.

20. Based on the quantity of cash, the manner in which it was bundled with rubber bands, Rodriguez's criminal history, the fact that a drug detection dog alerted to the currency, and Rodriguez's story, probable cause exists to believe that the Defendant Funds are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

## CONCLUSION

21. As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds constitute proceeds or are traceable to proceeds of federal controlled substance offenses, or were furnished or intended to be furnished in exchange for a controlled substance, in violation of 21 U.S.C. § 801, *et seq.*, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and that the

United States have such other and further relief as this case may require.

Dated: February 24, 2014

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: /s/
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 - telephone
(813) 274-6220 - facsimile
E-mail: james.muench2@usdoj.gov

## VERIFICATION

I, Mickey R. Miller, hereby verify and declare under penalty of perjury, that I am a Special Agent with United States Department of Homeland Security, U.S. Immigration and Customs Enforcement, Homeland Security Investigations, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, the Napa Special Investigations Bureau, the Tampa International Airport Police Department, the Tampa Police Department, and information supplied to me by other law enforcement officers, as well as my investigation of this case together with other law enforcement agents.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of February, 2014.

_____
Mickey R. Miller
Special Agent
United States Department of Homeland Security,
U.S. Immigration and Customs Enforcement,
Homeland Security Investigations