UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,
v.                                                  Case No.: 8:14-cv-467-T-30MAP

$22,900.00 IN U.S. CURRENCY

    Defendant.

## UNITED STATES' MOTION FOR ISSUANCE OF WARRANT OF ARREST *IN REM*

The United States of America hereby moves for an order directing the Clerk to issue a Warrant of Arrest *in Rem* for approximately $22,900.00 in U.S. Currency (Defendant Funds), pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

### I.    Background

    1.    The Defendant Funds consist of $22,900.00 in United States currency that was seized on September 17, 2013, at the Tampa International Airport from carry-on luggage in the possession of Julio Rodriguez Chavez (Rodriguez) and from Rodriguez' pocket. The United States Department of Homeland Security, Homeland Security Investigations (HSI) took custody of the Defendant Funds, and they remain in the custody of the United States.

    2.    The Defendant Funds are currently being held by the United States in the Treasury Suspense Account.

    3.    The United States has filed a Verified Complaint for Forfeiture *in Rem*, which establishes the legal and factual basis supporting the forfeiture of the Defendant Funds.

    4.    As required by Rule G(2)(f), the facts set forth in the Complaint—and in the affidavit incorporated therein— support a reasonable belief that the government will be able to meet its burden of proof at trial; specifically, that the United States will be able to show by a preponderance of the evidence that the Defendant Funds are moneys furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys intended to be used to facilitate a federal controlled substance offense.

## II.    <u>Legal Authority</u>

Pursuant to Rule G(3)(b)(i), the Clerk must issue a warrant of arrest *in rem* for defendant property if such property is in the government's possession, custody, or control.  In contrast, Local Admiralty Rule 7.03(b)(1)—which preceded the enactment of Rule G[1]—requires that, "*pre*-seizure" (emphasis added), "a judicial officer [must] first review the verified complaint, and any other relevant case papers, prior to the Clerk issuing the warrant of arrest and/or summons *in rem*."

---

[1] Rule G took effect on December 1, 2006.  Prior to December 1, 2006, Middle District of Florida Local Admiralty Rule 7.03(b)(1) articulated the procedure for obtaining a warrant of arrest *in rem* in this district.

Rule G, however, recognizes that if property is in the government's possession, there has already been some determination of probable cause or agreement of the parties, and the further precautionary step of preliminary judicial review is unnecessary.

### III.  Conclusion

Because Rule G(3)(b)(i) explicitly provides that a judicial finding of probable cause need not be made before the Clerk issues a warrant of arrest *in rem* for property already in the custody of the United States, and here the Defendant Funds are the United States' custody, the United States respectfully requests that the Court enter an order directing the Clerk to issue the Warrant of Arrest *in Rem* for the Defendant Funds.

Further, the United States requests that the original warrant be delivered to the United States Attorney, who will make arrangements for service of process pursuant to law.

                          Respectfully Submitted,

                          A. LEE BENTLEY, III
                          United States Attorney

By:   *s/James A. Muench*
       JAMES A. MUENCH
       Assistant United States Attorney
       Florida Bar Number 472867
       400 North Tampa Street, Suite 3200
       Tampa, Florida   33602
       (813) 274-6000 – telephone
       (813) 274-6220 – facsimile
       E-mail: james.muench2@usdoj.gov