**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       Case No: 8:14-cv-467-T-30MAP

$22,900.00 IN U.S. CURRENCY,

    Defendant.

_____

## ORDER

THIS CAUSE comes before the Court upon the Claimant's Motion to Dismiss (Dkt. 8) (the "Motion"). Upon review and consideration, it is the Court's conclusion that the Motion should be denied as premature.

## BACKGROUND

On February 24, 2014, Plaintiff United States of America (the "Government") filed a Verified Complaint for Forfeiture *In Rem* (the "Complaint"). The Complaint states that approximately $22,900.00 in U.S. Currency ("Defendant Funds"), seized on September 17, 2013, at the Tampa International Airport from carry-on luggage in the possession of Claimant Julio Rodriguez Chavez, is subject to forfeiture pursuant to 21 U.S.C. §881(a)(6). The Government contends that Defendant Funds are "moneys furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys intended to be used to facilitate a federal controlled substance offense." The Government argues that "the quantity of the cash, the manner in which it

was bundled with rubber bands, [Claimant]'s criminal history, the fact that a drug detection dog alerted to the currency, and [Claimant]'s story" create probable cause showing that the Defendant Funds are subject to forfeiture pursuant to 21 U.S.C. §881(a)(6).

On April 8, 2014, Claimant submitted a Verified Claim (the "Claim") declaring under penalty of perjury that he is the owner of the Defendant Funds. (Dkt. 6). Claimant filed the instant Motion on April 29, 2012.

On May 8, 2014, the Government served the Claimant with a set of special interrogatories pursuant to Supplemental Rule G(6) of the Federal Rules of Civil Procedure (the "Interrogatories"). The Government states that the purpose of the Interrogatories is to acquire evidence necessary to determine whether the Claimant has sufficient interest in the Defendant Funds to establish standing.

## DISCUSSION

Because of its service of the Interrogatories on Claimant, the Government asserts that it is not required to respond to the Motion on the merits at this time.

Civil forfeiture actions are governed by Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Supp. R. G(1). "The threshold issue in civil forfeiture cases is standing." *United States v. $104,250.00 in U.S. Currency*, 947 F. Supp. 2d 560, 565 (D. Md. 2013) (*citing United States v. $14,800.00 in U.S. Currency,* 2012 WL 4521371, at *3 (D. Md. Sept. 28, 2012) ("standing is a threshold issue that must be resolved before addressing an asset forfeiture claim")). A court must determine whether the claimant has standing to contest the forfeiture before the court

addresses any other issue that the claimant may raise. *Id.* Rule G(6) facilitates the Government's ability to challenge claims on standing grounds. *Id.*

Rule G(6) permits the government to serve special interrogatories limited to the claimant's identity and relationship to the defendant property without the court's leave at any time after the claim is filed and before discovery is closed. Supp. R. G(6)(a). The purpose of the rule is to permit the government to file limited interrogatories at any time after the claim is filed to gather information that bears on the claimant's standing. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 635 (9th Cir. 2012) (*citing* Supp. R. G advisory committee's note (subdivision (6)) (internal quotation omitted). If the claimant serves a motion to dismiss the action, the government must serve the interrogatories within 21 days after the motion is served. *Id.* Answers or objections to these interrogatories must be served within 21 days after the interrogatories are served. Supp. R. G(6)(b). The government need not respond to a claimant's motion to dismiss the action until 21 days after the claimant has answered these interrogatories. Supp. R. G(6)(c). Therefore, the Government is not obligated to respond to Claimant's Motion until 21 days after Claimant responds to the Government's Rule G(6) interrogatories. *See United States v. Real Prop. Located at 1108 Brookdale Court, Columbia, Mo.*, 09-4007-CV-C-NKL, 2009 WL 1851222, at *2 (W.D. Mo. June 29, 2009).

In light of the foregoing discussion, it is the Court's conclusion that the Motion should be denied as premature.

It is therefore ORDERED AND ADJUDGED that:

1. Claimant's Motion to Dismiss (Dkt. #8) is DENIED.

2. Claimant may renew his Motion to Dismiss upon timely responding to the Interrogatories.

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of June, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2014\14-cv-467 order   1st mtd.docx

4