UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No: 8:14-cv-467-T-30MAP

$22,900.00 IN U.S. CURRENCY,

    Defendant.
_____

## ORDER

THIS CAUSE comes before the Court upon the Claimant Julio Rodriguez Chavez's Renewed Motion to Dismiss (Dkt. 11) and Plaintiff United States of America's Response in Opposition (Dkt. 12). This Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

In April of 2013, Claimant sold marijuana to an undercover detective in Napa County, California. Officers obtained a search warrant for Claimant's residence in Fairfield, California, where they found over 300 marijuana plants. Claimant was arrested in July 2013 and was later released on a $200,000 bond. Claimant, wearing an ankle monitor, was stopped while going through security at Tampa International Airport with $22,900.00 in United States Currency (the "Currency"). Claimant consented to a search of his person and his luggage, in which the Currency was found in five stacks each rubber banded together. A narcotics detection dog then alerted to the presence of narcotics odor

on the money found in Claimant's luggage as well as the money found on Claimant's person. Claimant had driven to Tampa, Florida, from Fairfield, California, and was flying back to Sacramento, California because he was experiencing car troubles. Claimant provided receipts verifying that his car was being shipped to California. Thereafter, the Currency was seized by the Department of Homeland Security.

Plaintiff's complaint was filed on February 24, 2014. The complaint alleges that the seized Currency is subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6). Claimant filed this Motion to Dismiss on July 7, 2014.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Rule G(2)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that a complaint must meet certain verification, jurisdiction, and venue requirements. Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). Rule G also requires that a

complaint describe the property with reasonable particularity, identify the statute under which the forfeiture action is brought, and state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. During trial, Plaintiff must prove by a preponderance of the evidence that Defendant Funds are subject to forfeiture because the funds constitute: "(1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act."  21 U.S.C. § 881(a)(6).  The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") eliminated the requirement that the government plead facts sufficient to establish probable cause and established that the government "need only satisfy Rule E(2)(a)." *United States v. Lopez-Burgos*, 435 F.3d 1, 2 (1st Cir. 2006).

Rule E(2)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions governs actions in rem, and states "the complaint shall state the circumstances from which the claim arises with such particularity that the ... claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading."  Both Section 983 of the United States Code Annotated, and Rule G state that a "complaint may not be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D); Rule G(8)(b)(ii). "A claimant who establishes standing to contest forfeiture may move to dismiss the action under Rule 12(b)."  Rule G(8)(b)(i).

## **DISCUSSION**

Claimant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure stating that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's Verified Complaint (Dkt. 1) meets the pleading standard of Rule G(2)(f) in that the complaint presents sufficient facts to support a reasonable belief that it will be able to meet its burden at trial. Plaintiff argues that discovery will provide financial information that may show Claimant had no legitimate income with which to explain how the cash was obtained. *See United States v. $37,768.00 in U.S. Currency*, No. 2:06-CV-386-FTM-34SPC, 2007 WL 3197740, at *3 (M.D. Fla. Oct. 26, 2007) (considering claimant's legitimate income in order to determine if he would be left with legitimate money after his monthly expenses were deducted in deciding a motion for summary judgment for a forfeiture under 21 U.S.C. § 881(a)(6)). Not only was the amount of currency unusual, Plaintiff contends the binding of the currency with rubber bands may indicate an illegitimate nature of the money if it is discovered that Claimant does not have the legitimate income to justify $22,900.00 in cash. *See United States v. $16,757.00 in U.S. Currency*, No. 10-1450, 2010 WL 5662092, *3-*4 (N.D. Ohio Dec. 22, 2010) (the court found facts presented a plausible claim when claimant had drug-related history and was found in possession of currency bundled in stacks bound with rubber bands with no legitimate source of income).

Plaintiff contends Claimant's criminal history and prior involvement with drugs helps establish a reasonable belief it will be able to meet its burden at trial. Plaintiff has no burden upon pleading to establish that the funds at issue are connected to a specific drug transaction. *See $16,757.00*, WL 5662092, at *3 (rejecting the argument that

4

dismissal is warranted due to Government's inability to establish the monies were connected to a drug transaction based on Rule G(8)(b)(ii), which states that the complaint may not be dismissed on the grounds that the evidence is insufficient at the time of the pleading to prove forfeitability).

The fact that a narcotics detection dog alerted to the both the currency in Claimant's luggage as well as the currency in his pocket also supports this reasonable belief. Claimant's questioning the sufficiency of the dog's training is irrelevant as such an inquiry would require the Court to consider facts outside of the pleading. *See G.S.W., Inc. v. Long County, GA*, 999 F.2d 1508, 1510 (11th Cir. 1993). Further, the Eleventh Circuit views a narcotics dog alert as a "fact weighing in favor of probable cause." *United States v. $242,484.00*, 389 F.3d 1149, 1166 (11th Cir. 2004).

Claimant argues Plaintiff does not show the probable cause required to establish that the money is substantially connected to the exchange of a controlled substance. Claimant presents several cases that occurred prior to CAFRA in support of this argument. However, since CAFRA eliminated the requirement for the government to plead facts sufficient to establish probable cause, this line of argument is misguided and therefore fails. Here, Plaintiff has sufficiently alleged facts that establish a reasonable belief that Plaintiff will be able to meet its burden at trial. Accordingly, Claimant's motion to dismiss the Complaint for Forfeiture In Rem is denied.

It is therefore ORDERED AND ADJUDGED that:

1. Claimant's Renewed Motion to Dismiss (Dkt. 11) is DENIED.

2.	Claimant shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, this 1st day of August, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-467 mtd.doc