UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff | :<br>:<br>: |
| v. | :     Case No.:     8:14-cv-467-JSM-MAP<br>:<br>: |
| $22,900.00 IN U.S. CURRENCY,<br>　　　Defendant<br>_____ / | :<br>: |

### ANSWER TO COMPLAINT FOR FORFEITURE *IN REM*

Claimant, JULIO RODRIGUEZ, by and through his undersigned counsel, hereby files his Answer and Affirmative Defenses to the Plaintiff's Civil Complaint for Forfeiture *In Rem* and says:

1.　　Claimant asserts that the allegation in paragraph 1 of the Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced in paragraph 1 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

2.　　Claimant asserts that the allegation in paragraph 2 of the Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants assert that the statutes referenced in paragraph 2 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

3.　　Claimant asserts that the allegation in paragraph 3 of the Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants deny that this Court has jurisdiction over this action in order to preserve all appropriate defenses.

4. Claimant asserts that the allegation in paragraph 4 of the Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants deny that acts or omissions giving rise to forfeiture occurred in this district and, therefore, deny that venue is proper in this district.

5. Claimant is without knowledge regarding "The United States Department of Homeland Security, Homeland Security Investigations (HIS) took custody of the Defendant Funds, and they remain in the custody of the United States," and therefore Plaintiff's allegations are denied. The Claimant admits the other allegations contained in Paragraph 5 of the Complaint.

6. Claimant asserts that the allegation in paragraph 6 of the Complaint is a legal conclusion to which no response is required. To the extent the Court requires a response, Claimants assert that the legal authority referenced in paragraph 6 of Plaintiff's Complaint speak for themselves and therefore Plaintiff's allegations are denied.

7. Claimant denies that the allegations contained in Paragraph 7 of the Complaint are true and correct.

8. Claimant is without knowledge as to the allegations contained in Paragraph 8 of the Complaint, and therefore Plaintiff's allegations are denied.

9. Claimant is without knowledge as to the allegations contained in Paragraph 9 of the Complaint, and therefore Plaintiff's allegations are denied.

10. Claimant invokes his right to remain silent under the 5th Amendment to the United States Constitution as to the allegations contained in Paragraph 10 of the Complaint.

11. Claimant invokes his right to remain silent under the 5th Amendment to the United States Constitution as to the allegations contained in Paragraph 11 of the Complaint.

12. Claimant invokes his right to remain silent under the 5th Amendment to the United States Constitution as to the allegations contained in Paragraph 12 of the Complaint.

13. Claimant invokes his right to remain silent under the 5th Amendment to the United States Constitution as to the allegations contained in Paragraph 13 of the Complaint.

14. Claimant is without knowledge as to whether "On September 17, 2013, Tampa International Airport Police Department officers contacted Homeland Security Investigation and informed them that earlier that day, passenger Julio Rodriguez Chavez, who was wearing an ankle monitor and attempting to fly to Sacramento, California, was carrying a large sum of cash in his carry-on bag," and therefore Plaintiff's allegations are denied. The Claimant admits the other allegations contained in Paragraph 14 of the Complaint.

15. The Claimant admits the allegations contained in Paragraph 15 of the Complaint.

16. The Claimant admits the allegations contained in Paragraph 16 of the Complaint.

17. Claimant is without knowledge as to the allegations contained in Paragraph 17 and therefore Plaintiff's allegations are denied.

18. The Claimant admits the allegations contained in Paragraph 18 of the Complaint.

19. The Claimant admits the allegations contained in Paragraph 19 of the Complaint

20. Claimant denies that the allegations contained in Paragraph 20 of the Complaint are true and correct.

21. Claimant denies that the allegations contained in Paragraph 21 of the Complaint are true and correct.

**Claimant denies any and all allegations not specifically admitted above.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim that Claimant violated "18 U.S.C. § 801, *et.seq.*" which subjected the defendant property to this civil forfeiture pursuant to 18 U.S.C. 881(a)(6), is a claim upon which relief cannot be granted in this case because the Claimant legally acquired the Defendant Funds

as the result of a legitimate sale of a vehicle and the Defendant Funds were in no way related to controlled substances.

## SECOND AFFIRMATIVE DEFENSE

Claimant acted in good faith at all times relevant to the acquisition of Defendant Funds by Claimant and seizure of Defendant Funds as referenced in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff is estopped from pursuing this civil forfeiture action because it has failed to conduct an adequate investigation and filed its Complaint without sufficient prior analysis of the manner in which the Claimant acquired the Defendant Funds, and instead has assumed that Defendant Funds are proceeds related to a controlled substance offense simply because of criminal allegations against Claimant from several months prior to the seizure here of Defendant Funds.

## FOURTH AFFIRMATIVE DEFENSE

The allegations contained in Plaintiff's Complaint are compound, vague and ambiguous.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's seizure of the defendant property violates the Claimant's Fourth Amendment right to be free from illegal searches and seizures.

## SIXTH AFFIRMATIVE DEFENSE

The government is estopped from obtaining a forfeiture judgment because it obtained the seizure warrant through incorrect, misleading or incomplete allegations.

## SEVENTH AFFIRMATIVE DEFENSE

The government cannot obtain a forfeiture judgment pursuant to the unclean hands doctrine.

## EIGTH AFFIRMATIVE DEFENSE

The government cannot obtain the forfeiture it seeks because that result would be constitutionally disproportionate.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff lacks probable cause for the institution of this forfeiture suit.

### RESERVATION OF RIGHTS

Claimant reserves the right to assert additional affirmative defenses or amend these affirmative defenses as discovery warrants.

### CLAIMANTS' DEMAND FOR JURY TRIAL

Claimant hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

By: /s/ Tim Bower Rodriguez
Tim Bower Rodriguez, Esquire
Florida Bar No.: 151890
Bower Rodriguez, PA
601 N. Ashley Drive #310
Tampa, Florida 33602
Direct:      (813) 384-7555
Email: t@bowerrodriguez.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY on August 29, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will then send notice of electronic filing to the electronic mail addresses of record.

By: /S/ Tim Bower Rodriguez